29,948-10

DATE 9-29-2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 05 2015

Abel Acosta, Clerk

ABEL ACOSTA

SUPREME COURT BUILDING

AUSTIN COURT OF CRIMINAL APPEALS

P.O. BOX 12308

AUSTIN, TEXAS 78711


RE: DID NOT ALLOW TIME FOR MY OBJECTION'S TO STATE'S FINDING

TO BE REVIEW BY JUDGE BEFORE HE SIGN OFF ON STATE'S FINDS

WITHOUT RESEARCHING FACT'S,


DEAR CLERK,                                    9-28-2015

ENCLOSED PLEASE FIND APPLICANTS OBJECTION'S TO STATE'S

FINDING TO BE REVIEW BY THIS COURT BECAUSE THE FACT'S ARE

TRUE IF THE COURT WILL ONLY TAKE THE TIME TO REVIEW RECORD, IN

THE ABOVE STYLED AND NUMBER CAUSE, PLEASE FILE THIS OB-

JECTION AND BRING IT TO THE ATTENTION OF THIS COURT.

I HAD MAIL A COPY TO DISTRICT COURT BUT BEFORE JUDGE RECEIVE

MY OBJECTIONS HE HAD ALREADY SIGN OFF ON STATE PROPOSE FINDING

OF FACT AND CONCLUSION OF LAW. I AM SURE IF THIS COURT WILL

ORDER RECORD OR ORDER A EVIDENTIARY HEARING THIS COURT WILL

FIND OUT I AM TELLING THE TRUTH, SHOULD I BE HELD TO A LIFE

SENTENCE JUST BECAUSE MY LAWYER IS THE ONE THAT DID NOT

OBJECT, PLEASE PRESENT THIS TO COURT.

THANK YOU'R FOR YOUR TIME ON THIS MATTER.

P.S. TRIAL JUDGE WAS NOT CECIL PURYEAR          SINCERELY

PLEASE ORDER PRETAIL-HEARING VOL 3-2-8     Daniel Villa

AND VOL-6-PAGES 29, 30, 31.

CAUSE NO. 2006-412699-B

DISTRICT CLERK
BARBARA SUCSY
ROOM 105, COURTHOUSE
P.O. BOX 10536
LUBBOCK, TEXAS 79408

RE: APPLICANTS OBJECTIONS TO STATES FINDING OF
FACT AND CONCLUSIONS OF LAW ON SENTENCE,

DEAR CLERK,                                    DATE 9-28-2015
    ENCLOSED PLEASE FIND APPLICANTS OBJECTIONS TO
STATES FINDING OF FACT AND CONCLUSIONS OF LAW ON
SENTENCE, IN THE ABOVE STYLED AND NUMBER CAUSE,
PLEASE FILE THIS OBJECTION AND BRING IT TO THE ATT-
ENTION OF THE COURT.
    ENCLOSE IS A EXTRA COPY OF THIS OBJECTION TO HAVE
STAMPED DATED AND MAIL BACK TO ME IN THE ENCLOSE
SELF ADDRESS ENVELOPE FOR MY RECORDS. PLEASE SERVE
A COPY OF THIS MOTION TO THE DISTRICT ATTORNEY.
    THANK YOU FOR YOUR ASSISTANCE IN THIS MATTER.

                    RESPECTFULLY SUBMITTED
                    Daniel Villa #1386118
                    EASTHAM UNIT 12-5
                    2665 PRISON Rd. #1
                    LOVELADY, TEXAS 75851

| | |
|---|---|
| DANIEL VILLA | § IN THE 137th DISTRICT COURT |
| V. | § OF |
| STATE OF TEXAS | § LUBBOCK, COUNTY TEXAS |

## APPLICANTS OBJECTION'S TO STATES FINDING OF FACT AND CONCLUSIONS OF LAW ON SENTENCE.

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

NOW COMES DANIEL VILLA #1386118, APPLICANT IN THE ABOVE STYLED CAUSE AND MAKES AND FILES THIS THE APPLICANTS OBJECTION'S TO STATE FINDING OF FACT AND CONCLUSIONS OF LAW ON SENTENCE, AND WOULD RESPECTFULLY SHOW THIS HONORABLE COURT THE REASONS WHY WRIT OF HABEAS CORPUS 11.07 SHOULD BE GRANTED.

I.

FIRST OF ALL APPLICANT WOULD BRING TO THE COURTS ATTENTION THAT HE IS NOT CHALLENGING CONVICTION APPLICANT IS CHALLENGING SENTENCE, THEREFORE 11.07 SEC. 4 (A) SHOULD NOT BE APPLY HERE BECAUSE THEN 11.07 SEC. 4 (A) WOULD BE AMBIGUOUS, THE WORD CONVICTION AND SENTENCE HAVE DIFFERENT MEANINGS.

A COURT MAY CONSIDER THE MERITS OF OR GRANT RELIEF BASED ON THE SUBSEQUENT APPLICATION IF THE APPLICATION CONTAINS SUFFICIENT SPECIFIC FACTS ESTAB-LISHING THAT:

(1). APPLICANT CONTENDS THE CURRENT CLAIMS AND ISSUES HAVE NOT BEEN AND COULD NOT HAVE BEEN PRESENTED PREVIOUSLY IN AN ORIGINAL APPLICATION OR IN A PRE-

VIOUSLY CONSIDERED APPLICATION FILED UNDER THIS ARTICLE BECAUSE THE FACTUAL OR LEGAL BASIS FOR THE CLAIM WAS UNAVAILABLE ON THE DATE THE APPLICANT FILED THE PREVIOUS APPLICATION.;

APPLICANT CONTENDS HOW WAS HE SUPPOSE TO KNOW THAT THE STATE WAS COMMITTING FRAUD OR PREJURY OR COMMITTED A MISTAKE BY THEM WITHHOLDING EVIDENCE THAT WAS SUPPOSE TO BE TOLD TO THE COURT AND TO COUNSEL BECAUSE IT WAS A REQUIREMENT IT BE IN-TRODUCE DURING CASE IN CHIEF, AND COULD DENIED APPLICANT EFFECTIVE ASSISTANCE DURING GUILT/INNO-CIENSE A CRITICAL STEP SINCE APPLICANT PLEA NOT TRUE TO ALL ENHANCEMENTS AND HE SHOULD HAVE KNOWN A INTERVENING CONVICTION HAD TO BE INTRODUCE DURING CASE IN CHIEF. ALSO HOW WAS APPLICANT SUPPOSE TO KNOW ALL THIS BEFORE HE FILE HIS FIRST APPLICATION IF THE 11.07 IS FIRST THEN THE 2254 WRIT OF HABEAS CORPUS. AND IT WAS NOT TILL THEN THAT APPLICANT FOUND OUT THAT A 2001 DWI WAS BEING USE TO MAKE HIS CASE A THIRD DEGREE FELONY AND ALSO TO CHARGE HIM AS HABITUAL OFFENDER. IT WAS NOT TILL THEN APPLICANT KNEW THIS STATEMENT WAS JUST BEING SAID SO THE FEDERAL JUDGE WOULD NOT GRANT THE 10 YEAR RULE AND ALSO TO STOP THE EX POST FACTO CLAIM.

## II.

(2). APPLICANT CONTENDS THAT BY A PREPONDERANCE OF THE EVIDENCE HAD THE JURY HEARD PENAL CODE 49.09 (E) FROM BACK IN 1992 AT THE TIME APPLICANT ENTER HIS PLEA TO THE EARLIER OFFENSES AND PRIOR TO THE STATUTORY A-MENDMENT ON SEPTEMBER 1, 2001. SUBSECTION (E) OF SECTION 49.09

OF THE TEXAS PENAL CODE PROVIDED.

A CONVICTION MAY NOT BE USED FOR PURPOSE OF ENHANCEMENT UNDER THIS SECTION IF:

(1). THE CONVICTION WAS A FINAL CONVICTION UNDER SUB-SECTION (O) AND WAS FOR AN OFFENSE COMMITTED MORE THAN 10 YEARS BEFORE THE OFFENSE FOR WHICH THE PERSON IS BEING TRIED WAS COMMITTED; AND

(2). THE PERSON HAS NOT BEEN CONVICTED OF AN OFFENSE UNDER SECTION 49.04, 49.05, 49.06, 49.07, OR 49.08, OR ANY OFFENSE RELATING TO OPERATING A MOTOR VEHICLE WHILE INTOXICATED, COMMITTED WITHIN 10 YEARS BEFORE THE DATE ON WHICH THE OFFENSE FOR WHICH FOR WHICH THE PERSON IS BEING TRIED WAS COMMITTED. (EMPHASIS SUPPLIED)

ACT OF MAY 30, 1999, 76th LEG., R.S., CH. 1364 § 12, 1999 TEX. GEN. LAWS, 4606, 4610, (AMENDED 2001) (CURRENT VERSION AT TEX. PENAL CODE § 49.09 (E)).

AFTER ITS AMENDMENT ON SEPTEMBER 1, 2001, SUBSECTION (E) OF SECTION 49.09 NOW PROVIDES:

EXCEPT AS PROVIDED BY SUBSECTION (F), A CONVICTION MAY NOT BE USE FOR PURPOSE OF ENHANCEMENT UNDER THIS SECTION IF:

(1). THE CONVICTION WAS FINAL CONVICTION UNDER SUBSECTION (O); (2). THE OFFENSE FOR WHICH THE PERSON IS BEING TRIED WAS COMMITTED MORE THAN 10 YEARS AFTER THE LATEST OF:

(A). THE DATE ON WHICH THE JUDGMENT WAS ENTERED FOR THE PREVIOUS CONVICTION;

(B). THE DATE ON WHICH THE PERSON WAS DISCHARGED FROM ANY PERIOD OF COMMUNITY SUPERVISION ON WHICH THE PERSON WAS PLACED FOR THE PREVIOUS CONVICTION;

(C). THE DATE ON WHICH THE PERSON SUCCESSFULLY COMPLETED ANY PERIOD OF PAROLE ON WHICH THE PERSON WAS RELEASE

AFTER SERVING A PORTION OF THE TERM TO WHICH THE PERSON WAS SENTENCE FOR THE PREVIOUS CONVICTION; OR

(D). THE DATE ON WHICH THE PERSON COMPLETED SERVING ANY TERM FOR WHICH THE PERSON WAS CONFINED OR IMPRISONED FOR THE PREVIOUS CONVICTION; AND

(3). THE PERSON HAS NOT BEEN CONVICTED OF AN OFFENSE UNDER SECTION 49.04, 49.05, 49.06, 49.065, 49.07, OR 49.08 OR ANY OFFENSE RELATED TO OPERATING A MOTOR VEHICLE WHILE INTOXICATED WITHIN 10 YEARS OF THE LATEST DATE UNDER SUBDIVISION (2). (EMPHASIS SUPPLIED).

TEX. PENAL CODE § 49.09 (E). THUS, THE TWO VERSIONS OF THE STATUTE DEFINE "REMOTENESS" AS IT APPLIES TO THE CLASSIFICATION OF A DWI OFFENSE FOR PURPOSE OF CHARGING THE OFFENSE AS EITHER A FELONY OR A MISDEMEANOR.

APPLICANT'S CONVICTION FOR THE EARLIER OFFENSE WAS FINAL MORE THAN 10 YEARS PRIOR TO THE COMMISSION OF THE OFFENSE IN THE INSTANT CASE BEFORE THIS COURT. THEREFORE, THE PRIOR CONVICTION WAS TOO REMOTE FOR USE UNDER THE STATUTE IN EFFECT AT THE TIME OF HIS PLED AND SENTENCING IN THE EARLIER CASE. APPLICANT CONTENDS BY USING THE 2001 STATUTE, BY PREPONDERANCE OF THE EVIDENCE, IT INCREASED APPLICANT'S PUNISHMENT WITHOUT A INTERVENING CONVICTION.

APPLICANT ALSO CONTENDS THAT BY INDICTING APPLICANT FOR FELONY DWI USING THE AMENDED STATUTE (TEX. PENAL CODE § 49.09 (E) THE STATE HAS ENGAGED IN AN EX POST FACTO APPLICATION OF THE NEW STATUTE IN SUCH A WAY AS TO CHARGE HIM AS A FELON RATHER THAN A MISDEMEANANT.

APPLICANT ALSO CONTENDS BY INDICTING APPLICANT FOR FELONY DWI USING THE AMENDED STATUTE (TEX. PENAL CODE § 49.09 (E) THE STATE HAS ENGAGED IN A RETROACTIVE APPLICATION OF THE

P.4

NEW STATUTE IS SUCH A WAY AS TO CHARGE HIM AS A FELON RATHER THAN A MISDEMEANANT.

BUT BECAUSE THE STATE USE THE 2001 STATUTE WHICH WAS A CLEAR VIOLATION OF THE U.S. CONSTITUTION NO RATIONAL JURY COULD HAVE FOUND APPLICANT INNOCENT.

THE STATUTE IN EFFECT AT THE TIME APPLICANT ENTERED HIS PLEA IN THE EARLIER DWI'S CASES SPECIFICALLY RESTRICTED THE USE OF THOSE CONVICTIONS AS REMOTE IF ANOTHER OFFENSE WAS COMMITTED MORE THAN 10 YEARS FROM THE DATE THE CONVICTIONS WERE FINAL. THE CONVICTIONS WERE FINAL NO LATER THAN NOVEMBER 13, 1992 WHICH WAS THE DATE OF HIS JUDGEMENT AND SENTENCE. THE AMENDED STATUTE EXTENDED THE REMOTENESS RULE. THIS EXTENSION OF THE REMOTENESS DATE OCCURRED AFTER APPLICANT HAD PLEA GUILTY AND WAS SENTENCE IN THE PREVIOUS CASES. APPLICANT HAD A RIGHT TO RELY UPON THE IMPLICIT AND EXPLICIT LIMITATION OF THE EARLIER VERSION OF THE STATUTE. APPLING THE NEW STATUE TO HIM AND EXTENDING THE REMOTENESS DATE CONSTITUTES AN EX POST FACTO APPLICATION OF THE STATUE AS TO APPLICANT.

## II.

APPLICANT HAS MET HIS BURDEN OF SHOWING THAT EITHER EXCEPTION ENUMERATED IN ARTICLE 11.07 § 4 (a) IS APPLICABLE HERE BY APPLING THE DRETKE V. HALEY, 124 S.CT. 1847 APPLICATION.

ONCE AGAIN APPLICANT ARGUES UNDER DRETKE V. HALEY, 124 S.CT. 1847 APPLICATION WHEN A STATE PRISONER'S FEDERAL CONSTITUTIONAL CLAIM HAS BEEN PROCEDURALLY DEFAULTED IN STATE COURT, A FEDERAL COURT GENERALLY WILL NOT ENTERTAIN THE CLAIM IN A SUBSEQUENT HABEAS CORPUS PETITION

PETITION BY THE PRISONER UNDER 28 U.S.C.S. § 2254, UNLESS THE PRISONER CAN DEMONSTRATE CAUSE AND PREJUDICE TO EXCUSE THE DEFAULT. HOWEVER, THE UNITED STATES SUPREME COURT HAS RECOGNIZED AN EXCEPTION TO THIS CAUSE AND PREJUDICE REQUIREMENT, IN CERTAIN SITUATIONS INVOLVING "ACTUAL" INNOCENCE" OF (1) THE UNDERLYING OFFENSE, OR (2) THE AGGRAVATING FACTORS USED IN CAPITAL SENTENCING.

APPLICANT STATE PRISONER PETITIONS FOR STATE OR FEDERAL HABEAS RELIEF, ALLEGING THAT EVIDENCE IS INSUFFICIENT TO SUPPORT HIS HABITUAL OFFENDER CONVICTION, AND THAT HIS COUNSEL DENIED HIM EFFECTIVE ASSISTANCE BY FAILING TO OBJECT THAT THERE WAS NEVER A INTERVENING CONVICTION WAS SUBMITTED TO THE TRIAL COURT DURING CASE IN CHIEF.

APPLICANT AN ACCUSED WAS FOUND GUILTY ON A TEXAS CHARGE OF FELONY OWI, WHILE THIS OFFENSE OTHERWISE WOULD HAVE BEEN PUNISHABLE AS A MISDEMEANOR OR 2-20 YEARS IN PRISON. THE ACCUSED ALSO WAS CONVICTED IN A SEPARATE PENALTY HEARING ON A HABITUAL FELONY OFFENDER CHARGE. AS A RESULT, THE ACCUSED RECEIVED AN ENHANCED PRISON SENTENCE TO LIFE IN PRISON. THIS HABITUAL FELONY OFFENDER ENHANCEMENT OCCURRED EVEN THOUGH THE ASSISTANT ATTORNEY GENERAL OR THE DISTRICT ATTORNEY'S HAS COMMITTED FRAUD OR PERJURY OR MISTAKE ON THE COURT. WHEN THE ASSISTANT ATTORNEY GENERAL MADE THIS STATEMENT IN RESPONSE TO 2254 ON EXHIBIT B PAGES 15, 16, 17, BUT MORE SO PAGE 17 IT SAYS.

(1). THE ASSISTANT ATTORNEY GENERAL RESPONSE IN 2254 TO (CLAIM 1A) AND HIS CURRENT OFFENSE, COMMITTED AUGUST

27, 2005 WAS COMMITTING MORE THAN TEN YEARS FROM ENTRY OF THE NOVEMBER 13, 1992 JUDGEMENTS AS DESCRIBED IN 49.09 (E)(2)(A). BUT, VILLA'S PRIOR CONVICTIONS DID NOT MEET THE REQUIREMENT OF 49.09(E)(3) BECAUSE HE WAS CONVICTED OF ANOTHER DWI OFFENSE ON APRIL 27, 2001 WITHIN TEN YEARS (10) OF THE 1992 CONVICTIONS. S.R.R. STATES EXHIBIT 7. THE REASON THE ASSISTANT ATTORNEY GENERAL MADE THIS STATEMENT IS BECAUSE THATS THE ONLY WAY TO STOP THE EX POST FACTO CLAIM AND TEN YEAR RULE BECAUSE IT WAS NEVER INTRODUCE TO TRIAL COURT DURING CASE IN CHIEF AS IT WAS A REQUIREMENT.

(2). BUT WHEN SHE MADE THAT STATEMENT THERE IS NO REPORTER'S RECORD TO SHOW IT WAS INTRODUCE DURING CASE IN CHIEF WAS ALSO A REQUIREMENT UNDER WEAVER V. STATE, 56 S.W.3d 896, 899 (TEX. APP. TEXARKANA 2001) AND WEAVER V. STATE, 87 S.W.3d 557 (COURT OF CRIMINAL APPEAL OF TEXAS EN BANC SEPT. 11, 2002). THATS WHY THIS IS FRAUD OR MISTAKE OR PERJURY ON THE COURT JUST TO STOP THE JUDGE FROM GRANTING THE EX POST FACTO CLAIM AND STOP THE 10 YEAR RULE.

(3). APPLICANT ALSO WOULD ASK THE COURT TO SEE INDICTMENT. LOOK RIGHT UNDER FELONY ENHANCEMENT WHERE IT HAS THE 2001 DWI FELONY CONVICTION. SO APPLICANT KNEW IT WAS BEING USE TO GIVE HIM 25 TO LIFE.

WHAT APPLICANT DID NOT KNOW AND IT IS NO WHERE IN THE REPORTERS RECORD THAT IT HAD BEEN USE DURING THE GUILT/INNOCENCE STAGE OF THE TRIAL UNTIL HE GOT THE ASSISTANT ATTORNEY GENERAL'S RESPONSE ON HIS 2254 THAT THE 2001 DWI WAS BEING USE TO ELEVATE HIS CASE TO A THIRD DEGREE AND ALSO AS A HABITAL OFFENDER BY THE STATE WITHHOLDING THIS EVIDENCE HAS ALSO VIOLATED TEXAS

PENAL CODE 49.09 (E), THAT WAS STILL IN EFFECT IN AUGUST 27, 2005 WHEN APPLICANT GOT HIS CASE, PLEASE SEE RODRIQUEZ V. STATE, 31 S.W. 3d, 359 (TEX. APP. SAN ANTONIO 2000), AND PHILLIPS V. STATE, 992 S.W. 2d, 492 (TEX. CRIM. APP. 1999), IT IS ALSO HERE APPLICANT HAS STUDYED PENAL CODE 49.09 (E) WHERE IT STATES A CONVICTION MAY BE USE FOR PURPOSE OF EN-HANCEMENT UNDER THIS SECTION OR ENHANCEMENT UNDER SUBCHAPTER (D) CHAPTER 12, BUT NOT UNDER BOTH THIS SECTION AND SUBCHAPTER D, THIS WAS REPEAL ON SEPTEMBER 1, 2005 BUT WAS MOVE NOW TO PENAL CODE 49.09 (G) WHICH IS STILL IN EFFECT.

(4), THE DISTRICT ATTORNEYS HAD THREE CHANCES TO DISCLOSE THAT THEY INTENDED TO USE THE 2001 DWI CONVICTION TO ELEVATE TO THIRD DEGREE FELONY AND FAILED TO DISCLOSE IT. APPLICANT COMPELLS THE DISTRICT ATTORNEY OR ASSISTANT ATTORNEY GENERAL TO SHOW HIM REPORTER'S RECORD THAT IT WAS INTRODUCE DURING CASE IN CHIEF OR HONOR THE EX POST FACTO, AND 10 YEAR RULE, PENAL CODE 49.09 (E), THAT WAS IN EFFECT AUGUST 27, 2005 THE DAY OF APPLICANTS CRIME.

WHAT CAUSE ALL THIS WAS ATTORNEY NOT KNOWNING OR JUST D ID NOT OBJECT THAT THERE WAS NOT A INTERRULEING CONVICTION SUBMITTED TO THE COURT, BY COUNSEL NOT OB-JECTING HAS PREJUDICE APPLICANT, ALSO BY IT NOT BEING DISCLOSE HAS PREJUDICE APPLICANT BECAUSE HIS CASE WOULD HAVE BEEN A MISDEMEANOR AS OPPOSE TO A FELONY, ALSO HAS BEEN PREJUDICE BY HIS SENTENCE TO BE SENTENCE TO A MISDE-MEANOR INSTEAD OF A LIFE SENTENCE.

(5), BY THE ASSISTANT ATTORNEY GENERAL AND DISTRICT ATTORNEYS COMMITTING THIS PROCEDURAL DEFAULT, FRAUD, OR MISTAKE OR PERJURY STILL RESULTS IN VIOLATION OF THE EX POST FACTO,

STILL EXTENDS THE TIME ON HOW THE 10 YEARS RULE IS MEASURED AND STILL RESULTS IN VIOLATION OF APPLICANTS DUE PROCESS, EQUAL PROTECTION AND PENAL CODE 49.09 (F) (6). THIS COURT AND THE COURT OF CRIMINAL APPEALS IS ASKED DUE TO THIS NEWLY DISCOVER EVIDENCE IS ASK THAT ABSENT SUCH DISCOVERY IF THE APPLICANTS RIGHTS UNDER ARTICLE 39.14 C.C.P. ART. 1 SECTION 10 OF THE CONSTITUTION OF THE STATE OF TEXAS AND THE FOURTH, FIFTH, SIXTH, AND FOUR-TEETH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA HAS BEEN VIOLATED TO HIS IRREPARABLE INJURY AND THUS DEPRIVE THE DEFENDANT OF A FAIR TRIAL HEREIN.

## IV.

BASE ON THE DRETKE v. HALEY REQUIREMENT 541 U.S. 386, 158 L. ED. 2d, 659, 124 S.CT. 1847 (2004) APPLICANT REQUESTS FOR AN ORDER REMANDING THE APPLICATION BACK TO THE TRIAL COURT TO CORRECT A PROCEDURE, OR IN THE ALTERNA-TIVE APPLICANT REQUESTS FOR A EVIDENTIARY HEARING.

GROUNDS FOR RELIEF IN THE TRIAL COURT

(1). EX POST FACTO VIOLATION

(2). INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

(3). ACTUAL INNOCENCE BASED ON NEWLY DISCOVERED EVIDENCE.

THE CLAIMS RAISED IN THIS CURRENT APPLICATION ARE BEING CHALLENGE BY THE STATE A PROCEDURALLY DEFAULTED FOR THE REASON THAT "THE SUBSTANTIVE CLAIMS MADE IN APPLICANTS CURRENT WRIT APPLICATION CLAIMS OF AN EX POST FACTO VIOLATION, INEFFECTIVE ASSISTANCE OF COUNSEL, AND ACTUAL INNOCENCE BASE ON NEWLY DISCOVERED

EVIDENCE EITHER WERE OR COULD HAVE BEEN RAISED IN APPLICANT'S A-APPLICATION SINCE THE FACTUAL BASES FOR THE CLAIMS WERE AVAILABLE AT THE TIME APPLICANT FILE HIS A-APPLICATION." HOWEVER, THE STATE, IN MAKING THAT ASSERTION, ATTEMPTS TO SEPARATE THE TRUE BASES OF APPLICANT'S CLAIMS BY EMPLOYING THE PHRASES "LEGAL ASSERTION" AND "FACTUAL BASES" AND PROCEEDS TO CONTEND THAT, "THE FACTUAL BASES FOR APPLICANT'S THREE GROUNDS FOR RELIEF (I.E., THE RECORD EVIDENCE AND APPLICANT'S PREVIOUS CRIMINAL HISTORY) WERE AVAILABLE AT THE TIME APPLICANT'S A-APPLICATION WAS FILED." THE STATES RESPONSE, FILED BY WAY OF "STATES PRO-POSED CONVICTING COURT'S FINDING OF FACTS, CONCLUSIONS OF LAW, AND RECOMMENDATIONS TO THE COURT OF CRIMINAL APPEALS ON APPLICANT'S ART. 11.07 APPLICATION FOR WRIT OF HABEAS CORPUS," SEEKS TO PERSUADE THE TRIAL COURT TO ADOPT FINDINGS OF FACT NOT INVESTIGATED BY THE TRIAL COURT AND THEREFORE WOULD NOT BE PROPERLY EFFECTIVE FOR THIS COURT'S ACCEPTANCE. APPLICANT REQUEST THIS COURT TO DISREGARD THE ADOPTED FINDING AND PROCEED TO THE FACTS AS THEY APPEAR OF RECORD.

BASE ON THE DRETKE V. HALEY REQUIREMENT 541 U.S. 386, 158 L. ED. 2d, 659, 124 S. CT. 1847 (2004) THE UNITED STATES SUPREME COURT OBSERVED THAT:

"WE ARE ASKED IN THE PRESENT CASE TO EXTEND THE ACTUAL INNOCENCE EXCEPTION TO PROCEDURAL DEFAULT OF CONSTITU-TIONAL CLAIMS CHALLENGING NONCAPITAL SENTENCING ERROR. WE DECLINE TO ANSWER THE QUESTION IN THE POSTURE OF THIS CASE AND INSTEAD HOLD THAT A FEDERAL COURT FACED WITH ALLEGATION OF ACTUAL INNOCENCE WHETHER OF THE SENTENCE OR OF THE CRIME CHARGED, MUST FIRST ADDRESS ALL NON DEFAULTED CLAIMS FOR COMPARABLE RELIEF AND OTHER GROUNDS FOR CAUSE

P.10

TO EXCUSE THE PROCEDURAL DEFAULT.

THIS ADVOIDANCE PRINCIPLE WAS IMPLICIT IN CARRIER ITSELF, WHERE WE EXPRESSED CONFIDENCE THAT, "FOR THE MOST PART, "VICTIMS OF A FUNDAMENTAL MISCARRIAGE OF JUSTICE WILL MEET THE CAUSE-AND-PREJUDICE STANDARD." 477 U.S. AT 495-496, 91 L.ED.2d 397, 106 S.CT. 2639 (QUOTING ENGLE V. ISAAC, 456 U.S. 107, 135, 71 L.ED. 2d. 783, 102 S.CT. 1558 (1982)). OUR CONFIDENCE WAS BOLSTERED BY THE AVAILABILITY OF INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS - EITHER AS A GROUND FOR CAUSE OR AS A FREESTANDING CLAIM FOR RELIEF - TO SAFEGUARD AGAINST MISCARRIAGES OF JUSTICE. THE EXISTENCE OF SUCH SAFEGUARDS, WE OBSERVED, "MAY PROPERLY INFORM THIS COURTS JUDGMENT IN DETERMINING "[W]HAT STANDARDS SHOULD GOVERN THE EXERCISE OF THE HABEAS COURTS EQUITABLE DISCRETION WITH RESPECT TO PROCEDURALLY DEFAULTED CLAIMS." CARRIER SUPRA, AT 496, 91 L.ED.2d. 397, 106 S.CT. 2639 (QUOTING REED V. ROSS, 468 U.S. 1, 9, 82 L.ED.2d. 1, 104 S.CT. 2901 (1984).

IN HALEY, THE PETITIONER (THE STATE) CONCEDED AT ORAL ARGUMENT THAT THE RESPONDENT HAD A VIABLE AND "SIGNIFICANT" INEFFECTIVE OF COUNSEL CLAIM. THE COURT AGREED WITH THE PETITIONER STATING THAT, "THERE IS A VERY SIGNIFICANT ARGUMENT OF INEFFECTIVE ASSISTANCE OF COUNSEL." THE COURT OBSERVED THAT, "SUCCESS ON THE MERITS WOULD GIVE RESPONDENT ALL OF THE RELIEF HE SEEKS - I.E., RE-SENTENCING. IT WOULD ALSO PROVIDE CAUSE TO EXCUSE THE PROCEDURAL DEFAULT OF HIS SUFFICIENCY OF THE EVIDENCE CLAIM."

PRAYER

APPLICANT PRAY THIS COURT GRANT APPLICANT REQUEST

P.11

FOR AN ORDER REMANDING THE APPLICATION BACK TO THE TRIAL COURT TO CORRECT A PROCEDURE, OR IN THE ALTERNATIVE, APPLICANT'S REQUEST FOR AN EVIDENTIARY HEARING.

RESPECTFULLY SUBMITTED

Daniel Villa #1386118

EASTHAM UNIT 12-5

2665 PRISON Rd. #1

LOVELADY, TEXAS 75851

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING PLEADING WAS SERVED BY PLACING IN THE INSTITUTIONAL INTERNAL MAILING SYSTEM, POSTAGE PREPAID ON THE 23th DAY OF SEPTEMBER, 2015. ADDRESS TO DISTRICT CLERK AND A EXTRA COPY FOR DISTRICT CLERK TO SERVE TO THE DISTRICT ATTORNEY.

DISTRICT CLERK
BARBARA SUCSY
ROOM 105, COURTHOUSE
P.O. BOX 10536
LUBBOCK, TEXAS 79408

RESPECTFULLY SUBMITTED
Daniel Villa #1386118
EASTHAM UNIT 12-5
2665 PRISON Rd. #1
LOVELADY, TEXAS 75851

P.12

EXHIBIT (1)

29

JIMMY ISABELL – DIRECT

MS. STANEK: Your Honor, may I approach the witness?

THE COURT: You may.

MS. STANEK: Your Honor, at this time the State would offer State's 4 and 5 into evidence, after tendering to Defense Counsel.

MR. CHAMBERS: May I have just a second, Your Honor?

THE COURT: You may.

(Pause.)

MR. CHAMBERS: Your Honor, I'm going to object to the introduction of State's 4 and 5, basically on the same grounds that I made yesterday morning, prior to impaneling the jury. Those appear to be certified copies of judgments in excess of ten years old, and prior to September 1 of last year, 2005, -- this offense was August 27th, 2005. Prior to September 1, 2005, the Penal Code or -- did not allow judgments in excess of ten years old to be used to get jurisdiction, to raise, basically, a DWI to a felony.

The Legislature, in 49.09 of the Penal Code, has amended that. But we're objecting, Your Honor, on the grounds that to amend that and make it retroactive to allow these judgments in excess of ten years old violates the constitutional provisions against Ex Post Facto laws. And on those grounds we do object, again, strenuously to the

BECKY CLEVELAND * CERTIFIED SHORTHAND REPORTER

EXHIBIT (1)

30

JIMMY ISABELL - DIRECT

admission of those judgments in excess of ten years old.

THE COURT: All right.- Your objection is overruled.

MR. CHAMBERS: Yes, Your Honor.

THE COURT: State's 4 and 5 are admitted.

(State's Exhibits 4 and 5 admitted into evidence and shown in Exhibit Volume.)

Q    (By Ms. Stanek:)  Jimmy, if I can have you look at State's Exhibit No. 4.

If you can read, who is that particular judgment against?

A    Danny Villa.

Q    And what is the cause number on that judgment?

A    It's 92-490,392.

Q    And what court?

A    County Court at Law No. 2, Lubbock County, Texas.

Q    Okay.  And what was the offense in which he was convicted of?

A    DWI.  Driving while intoxicated.

Q    And what was the offense date in that particular case?

A    May the 24th of 1992.

Q    Okay.  And turning to the second page of State's Exhibit No. 4, is -- where -- is the particular print that you compared; is that correct?